UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Curtis Harris, | Case No. 15-cv-3531-WMW-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa Kachamarek and Jami Neyssen, *in their individual capacities*, | |
| Defendants. | |

Anthony Curtis Harris, FCI Victorville Medium I, Federal Correctional Institution, P.O. Box 3725, Adelanto, CA 92301, *pro se*

Jason M. Hill, Esq., and Joseph E. Flynn, Esq., Jardine, Logan & O'Brien, PLLP, counsel for Defendants

This matter is before the Court on the defendants' motion for sanctions, namely the sanction of dismissal. Defs.' Mot. for Sanctions, ECF No. 31. For the reasons set forth below, the Court recommends that the motion be granted and the case be dismissed.

**I.   Background**

Mr. Harris filed this case on September 4, 2015. Compl., ECF No. 1. In his initial complaint, Mr. Harris alleged that he was attacked in the "shower area" by several inmates on July 13, 2015 while he was incarcerated at Sherburne County Jail. Compl., at 4. He also alleged that "a large number of officers enter[ed] the unit, but they didn't attempt to stop the assault . . . ." Compl., at 4. Mr. Harris claims he was sprayed twice with chemicals and was tackled in a wet shower stall, where he was then tased by a female guard. Compl., at 5. On November 4, 2015, Mr. Harris filed an Amended Complaint that is substantially similar to the first complaint, but it

specifically names the defendants as the officers who allegedly tased him. Am. Compl., at 5, ECF No. 7.

On January 19, 2016, Mr. Harris filed a motion for appointment of counsel. ECF No. 11. This motion was denied without prejudice on April 29, 2016. Order, ECF No. 21. Mr. Harris has not contacted the Court since he filed that motion.

On February 24, 2016, a scheduling order was issued indicating that discovery was to be completed by September 1, 2016. Pretrial Scheduling Order, ECF No. 15. On August 25, 2016, the defendants filed a motion to compel, stating that they had tried to contact Mr. Harris several times, but had not heard from him, nor had they received any response to their request for discovery. Mot. to Compel, ECF No. 23; Aff. of Jason M. Hill ¶¶ 4, 6, ECF No. 26.

The Court granted the defendants' motion to compel on September 19, 2016. Order ("Sept. 19 Order"), ECF No. 30. The Court noted that both the defendants and the Court had difficulty in ensuring Mr. Harris received documents related to the litigation, but that the issues with mail delivery seemed to be resolved. Sept. 19 Order, at 1. The Court ordered Mr. Harris to comply with the defendants' discovery requests by October 7, 2016, and cautioned him that failure to do so might result in sanctions, including dismissal of this case. Sept. 19 Order, at 2.

On October 18, 2016, still not having heard from Mr. Harris, the defendants filed a motion for sanctions seeking dismissal of the case pursuant to Federal Rule of Civil Procedure 37. *See* Mot. for Sanctions; *see also* Second Aff. of Jason M. Hill ¶¶ 2-3, ECF No. 34 (stating the defendants had not received any communication from Mr. Harris). Mr. Harris offered no response.

## II.     Standard of Review

Rule 37 of the Federal Rules of Civil Procedure provides courts with broad discretion to impose sanctions for failing to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2). Rule 37(b) requires that any sanction imposed be "just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn v. Melton*, 195 Fed. App'x 535 (8th Cir. 2006) (per curiam). In any event, "the 'choice of sanction should be guided by the concept of proportionality.'" *Moore v. Napolitano*, 723 F. Supp. 2d 167, 179 (D.D.C. 2010) (quoting *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)). In imposing any sanction "[t]he court must balance the goals of

enforcing the process of discovery and ensuring adherence to policy aims of discovery with the right of a party to have its case heard on the merits." *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 571 (D. Minn. 2008).

Rule 37(b) includes a non-exclusive list of sanctions courts can impose when a party fails to obey an order requiring it to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Among the options listed is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Because dismissal is "an extreme result," such a sanction is permissible only in narrow circumstances. *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012). Dismissal can only be considered if there is: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Additionally, before dismissing a case under Rule 37(b)(2), the Court must investigate "whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992); *see also Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (indicating district courts must consider lesser sanctions if there is no finding of bad faith in the record).

### III.   Analysis

There is an order compelling discovery, and Mr. Harris has violated it. What remains to be considered is whether the violation of the order was "willful," and whether it resulted in prejudice to the defendants. *Keefer*, 238 F.3d at 940.

The Eighth Circuit has determined that deliberate default can constitute a willful violation of a court's discovery order. *See Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir.1983). In *Lorin*, the court also implied that deliberate conduct in this context could be inferred from an individual's "failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (discussing *Lorin*). As noted above, Mr. Harris's mail has periodically been returned as undeliverable throughout the course of the litigation, in large part due to his movement between various jail and prison facilities. However, based on the record, none of Mr. Harris's case-related mail has been returned as undeliverable since at least July 29, 2016. *See* Aff. of Jason M. Hill ¶ 6; Sept. 19 Order, at 1. Additionally, the defendants have certified that their motion for sanctions was mailed to Mr. Harris on October 18,

2016. Cert. of Service, ECF No. 36. And the Court has confirmed that since this summer mail was properly sent to the prison where Mr. Harris is currently incarcerated. While the Court cannot be sure that Mr. Harris has indeed received these documents, it appears very likely that he has. Mr. Harris's silence is therefore presumed to be deliberate. *See Anderson*, 724 F.2d at 84 (finding that four months of silence from pro se plaintiff after being served with a discovery request and after a court order constituted deliberate default).

Mr. Harris's failure to respond to the defendants' discovery requests, even after being ordered to do so by the Court, has prejudiced the defendants. "In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992). The Court's September 19 order required Mr. Harris to serve the defendants with precisely the sort of information that would allow them to do so. Sept. 19 Order, at 2 (requiring Mr. Harris to answer defendants' interrogatories and provide documents related to his alleged injuries). Without access to this information, the defendants can neither investigate the claims against them, nor prepare their defense.

Less extreme sanctions, though generally favored, are not appropriate here. None of the other sanctions outlined in Rule 37(b)(2) would suffice. For example, because Mr. Harris has not actively engaged in litigating his case in quite some time, there is nothing to be gained from a sanction that would curtail or alter the scope of the case, and a stay would further prejudice the defendants. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv). Similarly, an entry of default judgment would be inappropriate as the defendants have not made any counterclaims against Mr. Harris. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). Finally, it would likely be futile to hold Mr. Harris in contempt or to require him to pay attorneys fees and costs as he is currently incarcerated and proceeding *in forma pauperis*. *See* Order, ECF No. 3; *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii), 37(b)(2)(C).

Moreover, the sanction of dismissal in this case is just, proportionate, and related to the claim at issue in the discovery order. The Court has advised Mr. Harris of the consequences of failing to participate in discovery as ordered. *See* Sept. 19 Order. The defendants have likewise attempted to inform Mr. Harris about his obligations. *See* Aff. of Jason M. Hill ¶¶ 5-6. However, this case is ultimately Mr. Harris's to prosecute. His failure to participate in the litigation, despite the Court's

4

order, has prejudiced the defendants, and dismissal of the action after the extended period of "radio silence" from Mr. Harris is appropriate.

However, the Court is also cognizant that this case has been marked by periods during which Mr. Harris was not receiving mail. *See, e.g.*, ECF Nos. 16, 18, 19, 20 (indicating mail to Mr. Harris was returned as undeliverable); *see also* Aff. of Jason M. Hill ¶¶ 3, 5 (indicating defendants' discovery requests were initially also returned as undeliverable). If Mr. Harris makes a timely objection establishing a valid reason for his failure to respond to the defendants' discovery requests, the proposed findings and conclusions in this report and recommendation may stand on very different footing. In other words, if Mr. Harris may yet be able to avoid dismissal of this litigation by showing that he intends to pursue it and explaining his previous failure to do so.

### Recommendation

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion for Sanctions (ECF No. 31) be **GRANTED**.

2. Plaintiff's Amended Complaint (ECF No. 7) be **DISMISSED WITH PREJUDICE**.


Date: December 2, 2016                    s/ *Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.